IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JAIME GAMBRELL**,

      Plaintiff,

  v.

**NANCY BERRYHILL**,
Acting Commissioner,
Social Security Administration,

      Defendant.

No. 3:15-cv-02213-MO

OPINION AND ORDER

**MOSMAN, J.**,

This matter comes before me on Plaintiff Jaime Gambrell's unopposed Motion for Attorney Fees [28], pursuant to 42 U.S.C. § 406(b). For the reasons below, I GRANT the Motion [28] and conclude Ms. Gambrell's attorney is entitled to fees in the amount of $11,800.00.

**BACKGROUND**

Ms. Gambrell filed an application for Disability Insurance Benefits and Supplemental Security Income on May 2, 2012. Pl. Br. [10] at 1. After her application was denied initially and again on reconsideration, an ALJ found her not disabled and not entitled to benefits. Pl. Brief [10] at 2. Ms. Gambrell filed a Complaint in this Court, seeking review of the Commissioner's final decision and arguing the ALJ erred in four ways. Compl. [1]; Pl. Br. [10]. After oral argument, I remanded this case to the Commissioner for further administrative proceedings. Mins. [21]. I also awarded fees in the amount of $8,321.38 under the Equal Access to Justice Act

(EAJA), but the United States Treasury withheld the entire EAJA fee in order to offset an outstanding child support obligation. Order [27]; Mot. [28], Ex. C.

Upon remand, an ALJ issued a fully favorable decision on October 27, 2017. Mot. [28], Ex. A. In a subsequent Notice of Award issued November 27, 2017, the Social Security Administration calculated Ms. Gambrell's total retroactive benefits to be $48,004.72. Motion [28], Ex. B. Ms. Gambrell now seeks attorney fees in the amount of $11,800.00 under 42 U.S.C. § 406(b). Ms. Gambrell is the claimant in the case, but the real party in interest to this motion is her attorney, George J. Wall. The Commissioner does not oppose this motion.[1]

## DISCUSSION

If a Social Security claimant is successful, the court may award her attorney reasonable attorney fees that do not exceed twenty-five percent of the claimant's total retroactive benefits. 42 U.S.C. § 406(b)(1)(A). Under the Supreme Court's decision in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), "the court first examines the contingency fee agreement to determine whether it is within the statutory twenty-five percent cap" and then confirms that the fee sought by counsel does not exceed § 406(b)'s twenty-five percent cap. *McGraw v. Astrue*, No. 3:10-cv-00308-HA, 2013 WL 1296077, at *1 (D. Or. Mar. 20, 2013). Here, Ms. Gambrell's retainer agreement with Mr. Wall provided that counsel's fees would be twenty-five percent of past due benefits, if the case proceeded past the level of the Appeals Council. Mot. [28], Ex. D. Additionally, Mr. Wall seeks a fee of $11,800, which is 24.6% of Ms. Gambrell's past due benefits of $48,004.72. Both the agreement and the requested fee are within statutory limits.

Next, I must determine whether the fee is reasonable under *Gisbrecht*. Four factors determine reasonableness: 1) the quality of representation; 2) the results the attorney achieved; 3)

---

[1] The Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

2 – OPINION AND ORDER

any delay attributable to the attorney; and 4) whether benefits obtained were "in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

Here, each of these factors supports a finding that the fees requested are reasonable. First, there is no evidence in the record that the quality of Mr. Wall's representation was substandard, and the Court remanded for further consideration of each of his four arguments. Second, he achieved favorable results for his clients: the Court ordered a remand, and the ALJ awarded Ms. Gambrell a fully favorable decision. Third, there is no delay attributable to Mr. Wall. He did not seek or receive any extensions of time. Fourth, Mr. Wall asserts he spent 44.2 hours on this case, for an effective hourly rate of $266.97. Mot. [28] at 2–3. Mr. Wall submitted a nineteen-page opening brief, an eight-page reply brief, and participated in oral argument. He succeeded on each of his arguments and obtained the requested relief for his client. Although I consider 44.2 hours to be on the high end of reasonableness for a relatively routine Social Security case, an hourly rate of $266.97 is substantially less than other rates found reasonable by this Court for Mr. Wall's services. *See, e.g.*, *Westphal v. Berryhill,* No. 3:15-cv-1904-AC, 2017 WL 3431440, at *4 (D. Or. July 14, 2017), *report and recommendation adopted*, No. 3:15-cv-01904-AC, 2017 WL 3429391 (D. Or. Aug. 8, 2017) (effective hourly rate of $452.50); *Bradshaw v. Berryhill*, No. 3:14–CV–01829–JO, 2017 WL 2821941 (D. Or. June 28, 2017) (effective hourly rate of $645.67); *Skoch v. Comm'r Soc. Sec. Admin.*, No. 3:14–cv–00725–MA, 2017 WL 1437099 (D. Or. Apr. 20, 2017) (effective hourly rate of $756.40). Given these factors, I conclude the requested fee of $11,800.00 is reasonable.

Finally, I must determine whether Mr. Wall must refund Ms. Gambrell in the amount of the previously awarded EAJA fees. "[I]n order to maximize the award of past-due benefits to

claimants and to avoid giving double compensation to attorneys, the savings provision [of the EAJA] requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012); *see Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (alteration in original) (citations omitted).

Mr. Wall is not required to refund Ms. Gambrell in these circumstances. Instead, he is entitled to the entire fee under § 406(b) because the Treasury withheld the fee award under the EAJA to offset Ms. Gambrell's child support obligations. *See Fleenor v. Colvin*, No. 3:11-cv-01326-MA, 2013 WL 5561212, at *2 (D. Or. Oct. 8, 2013) (declining to offset § 406(b) attorney fee by EAJA fee, where "the entire $8,500.00 fee previously awarded under EAJA has been withheld by the United States Treasury in order to offset an outstanding child support obligation").

## CONCLUSION

For the reasons stated above, I GRANT the Motion [28] and conclude Mr. Wall is entitled to fees under § 406(b) in the amount of $11,800.00.

IT IS SO ORDERED.

DATED this __26__ day of February, 2018.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge